FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   JUL 28 2017   ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUISA CRUZ,

               Plaintiff,

v.

MOHAMMAD M. RAHMAN, M.D.,
OZONE PARK MEDICAL CARE, PLLC,
SIDNEY HILLMAN/PHILLIPS FAMILY
PRACTICE, and THE INSTITUTE FOR FAMILY
HEALTH,

               Defendants.

Civil Action No.
17-CV-_____



CV 17 - 4462

(_____, J.)
(_____, M.J.)

**NOTICE OF REMOVAL**

ROSS, J.
KUO, M.J.

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that an action pending in the Supreme Court of the State of New York, County of Kings, has been removed to the United States District Court for the Eastern District of New York.

BRIDGET M. ROHDE, Acting United States Attorney for the Eastern District of New York, by RACHEL G. BALABAN, Assistant United States Attorney, respectfully states the following facts upon information and belief:

    1.    The above-captioned action was commenced in the Supreme Court of the State of New York, County of Kings, Index No. 517192/2017. *See* Summons and Verified Complaint, annexed hereto as Exhibit A.

    2.    This is an action alleging negligence on the part of the defendants in connection with medical treatment provided to plaintiff, Luisa Cruz, from July 13, 2006 through January 20, 2017. *See generally* Exhibit A.

    3.    Pursuant to 42 U.S.C. § 233(g), defendants Sidney Hillman/Phillips Family

1

Practice and The Institute for Family Health have been, at all times relevant to this action, designated Public Health Service Employees and thus deemed employees of the United States of America for purposes of the Federal Tort Claims Act.

4. From July 13, 2006 to January 20, 2017, and specifically with regard to the treatment alleged to be the basis of the complaint from July 13, 2006 to January 20, 2017, Sidney Hillman/Phillips Family Practice and The Institute for Family Health, as named defendants were federally supported health centers and were deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(g)-(h), eligible for coverage under the Federal Tort Claims Act, and were acting within the course and scope of such deemed employment with the United States of America. *See* Certification of Scope of Employment and Notice of Substitution of the United States of America by Assistant U.S. Attorney Rachel G. Balaban, dated July 28, 2017, attached hereto as Exhibit B.

5. Pursuant to 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c), this action may be removed to this Court.

6. Pursuant to 28 U.S.C. § 2408 and 42 U.S.C. § 233(c), the United States of America may remove this action without a bond.

7. Pursuant to the Certification of Scope of Employment and Notice of Substitution of the United States of America by AUSA Rachel G. Balaban (Exhibit B), the United States of America has, by operation of law, been substituted as the party defendant for defendants Sidney Hillman/Phillips Family Practice and The Institute for Family Health, pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(c).

WHEREFORE, it is respectfully requested that the above-captioned action pending in the Supreme Court of the State of New York, County of Kings, be removed to this Court; and

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Court, Supreme Court of the State of New York, County of Kings, shall effect the removal, and the state court shall proceed no further with respect to the action, unless and until the case is remanded thereto.

Dated:      Brooklyn, New York
            July 28, 2017

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
*Attorney for Defendant United States of America*
271-A Cadman Plaza East
Brooklyn, New York 11201

By: _____
Rachel G. Balaban
Assistant U.S. Attorney
(718) 254-6028
rachel.balaban@usdoj.gov

TO:     Clerk of Court
        Supreme Court of the State of New York
        County of Kings
        360 Adams St.
        Brooklyn, New York 11201

        <u>Via Federal Express</u>

        Gordon Price Diefenbach, Esq.
        DIEFENBACH PLLC
        55 Broad Street, 14th Floor
        New York, New York 10004
        (212) 981-2233
        *Attorneys for Plaintiff*

Jordan B. Karp, Esq.
FUMUSO, KELLY, SWART, FARRELL,
POLIN & CHRISTESEN, LLP
110 Marcus Boulevard
Hauppauge, New York 11788-3704
(631) 232-0200
*Attorneys for Defendants SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH*

Todd E. Gilbert, Esq.
VIGORITO, BARKER, PORTER
& PATTERSON, LLP
115 E. Stevens Avenue, Suite 206
Valhalla, New York 10595
(914) 495-4805
*Attorneys for Defendants
MOHAMMAD M. RAHMAN, M.D. and
OZONE PARK MEDICAL CARE, PLLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
LUISA CRUZ,

                                Plaintiff,

      -against-

MOHAMMAD M. RAHMAN, M.D., OZONE PARK
MEDICAL CARE, PLLC, SIDNEY HILLMAN/PHILLIPS
FAMILY PRACTICE, and THE INSTITUTE FOR
FAMILY HEALTH,

                                Defendants.
------------------------------------------------------------X

Index No.:
Date Filed:

**COURT ORIGINAL**

**SUMMONS**

Plaintiff designates Kings County
as the Place of Trial

Basis for Venue:
Plaintiff's Residence
Plaintiff's residence:
183 McKinley Avenue #2
Brooklyn, NY 11208

**To the above named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     April 11, 2017
              New York, New York

                                            Yours, etc.,

                                            **DIEFENBACH** PLLC
                                            Attorneys for Plaintiff
                                            By: _____
                                                Gordon Price Diefenbach
                                           55 Broad Street, 14th Floor
                                           New York, NY 10004
                                           T (212) 981-2233

TO:

Mohammad M. Rahman, MD
Ozone Park Medical Care
1219 Liberty Avenue
Brooklyn, NY 11208

Ozone Park Medical Care, PLLC
1219 Liberty Avenue
Brooklyn, NY 11208

The Institute for Family Health
2006 Madison Avenue
New York, NY 10035

Sidney Hillman/Phillips Family Practice
16 E. 16th St.
New York, NY 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------X
LUISA CRUZ,                                             Index No.:

                              Plaintiff,

      -against-
                                          **VERIFIED COMPLAINT**

MOHAMMAD M. RAHMAN, M.D., OZONE PARK
MEDICAL CARE, PLLC, SIDNEY HILLMAN/PHILLIPS
FAMILY PRACTICE, and THE INSTITUTE FOR
FAMILY HEALTH,

                             Defendants.
-----------------------------------------X

Plaintiff, LUISA CRUZ, by her attorneys, DIEFENBACH, PLLC, as and for her Verified Complaint, respectfully alleges, upon information and belief, as follows:

### AS FOR THE FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE CONSCIOUS PAIN AND SUFFERING

1. At all times hereinafter mentioned, plaintiff, LUISA CRUZ, resided and continues to reside at 183 McKinley Avenue, #2, Brooklyn, NY 11208.

2. At all times hereinafter mentioned, defendant MOHAMMAD M. RAHMAN, M.D. was and still is a physician duly licensed to practice medicine in the State of New York.

3. At all times hereinafter mentioned, defendant MOHAMMAD M. RAHMAN, M.D. maintained offices for the practice of medicine at 1219 Liberty Avenue, Brooklyn, NY 11208.

3

4. At all times hereinafter mentioned, defendant OZONE PARK MEDICAL CARE, PLLC was a domestic corporation duly organized and existing under, and by virtue of, the laws of the State of New York.

5. At all times hereinafter mentioned, defendant OZONE PARK MEDICAL CARE, PLLC maintained offices for the practice of medicine at 1219 Liberty Avenue, Brooklyn, NY 11208.

6. At all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH was a domestic corporation organized and existing under, and by virtue of, the laws of the State of New York.

At all times hereinafter mentioned, defendant SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE was a domestic corporation organized and existing under, and by virtue of, the laws of the State of New York.

7. At all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH maintained offices for the practice of medicine under the name of Sidney Hillman / Phillips Family Practice at 16 East 16th Street, New York, NY 10003.

8. At all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH maintained administrative offices at 2006 Madison Avenue, New York, NY 10035.

9. At all times hereinafter mentioned, defendant SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE maintained offices for the practice of medicine at 16 E. 16th Street, New York, NY 10003.

At all times hereinafter mentioned, defendant MOHAMMED M. RAHMAN, M.D., was and still is a duly licensed New York State Physician who rendered medical services to plaintiff,

4

LUISA CRUZ. At all times hereinafter mentioned, defendant defendant MOHAMMED M. RAHMAN, M.D., was and is an owner and principal of Ozone Park Medical Care, PLLC at 1219 Liberty Avenue, Brooklyn NY 11208, and rendered medical services to plaintiff, LUISA CRUZ within the scope of his employment thereto.

10. Defendant MOHAMMAD M. RAHMAN, M.D. held himself out to the general public and specifically to plaintiff as possessing and utilizing the proper degree of skill and learning necessary to render medical care and services in accordance with good and accepted medical practice and that he undertook to use reasonable care and diligence in the treatment of patients, and in particular plaintiff, LUISA CRUZ.

11. From on or about February 7, 2011 continuously through December 30, 2016 LUISA CRUZ, sought the professional care of defendants MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE, for certain medical complaints and these defendants did render medical care, diagnosis, treatment and services to her.

12. From on or about July 13, 2006 continuously through January 20, 2017 plaintiff, LUISA CRUZ, sought the professional care of defendant THE INSTITUTE FOR FAMILY HEALTH and SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE for certain medical complaints and these defendants did render medical care, diagnosis, treatment and services to her.

13. During the aforesaid course of treatment, plaintiff, LUISA CRUZ, had certain signs, symptoms and/or complaints which were brought to the attention of the defendants MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH, and/or his agents, associates, servants, and/or employees.

5

14. The above medical care, diagnosis, treatment and services rendered to plaintiff, LUISA CRUZ, by MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH (hereinafter "the defendants") were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community, and caused severe pain and suffering and loss of chance of life by failing to treat plaintiff timely, thus causing a diminution in the chance of cure and reductionin life expectancy, all caused by these defendants.

15. As a result of the aforementioned negligence, carelessness, recklessness and medical malpractice of the defendants, the plaintiff, LUISA CRUZ experienced conscious pain and suffering and was caused to sustain severe and permanent personal injury and damage.

16. Said negligence, carelessness and recklessness, medical and nursing malpractice, medical malfeasance and medical misfeasance of the defendants, their agents, associates, servants and/or employees constituted in failing to treat the plaintiff, LUISA CRUZ, in accordance with accepted medical standards in the community; failing to take proper care and precaution in the conduct of care rendered so that the plaintiff's medical condition would not be aggravated or worsened; in carelessly, negligently and recklessly failing to diagnose and/or timely diagnose renal function failure, failure to properly manage hypertension; failure to properly manage diabetes; in failing to refer plaintiff to other physicians to evaluate plaintiff's true condition; omitting to perform and/or timely perform appropriate diagnostic studies; in allowing, suffering and permitting plaintiff to languish with decreased kidney function all without proper medical care and attention; in failing to timely and properly treat the plaintiff; in failing to take and/or obtain a true and complete medical history; in failing to heed the

6

FILED: KINGS COUNTY CLERK 04/11/2017 02:28 PM
NYSCEF DOC. NO. 1

Case 1:04-cv-02-AGRK Document 1 Filed 02/28/17 Page 11 of 19 PageID #: 11
INDEX NO. 501192/2017
RECEIVED NYSCEF: 04/11/2017

complaints, signs and symptoms of the plaintiff; in failing to appropriately review standards of care; in improperly advising and prescribing for the plaintiff; in failing to render a timely, appropriate diagnosis and treatment of the plaintiff's ture condition; in allowing plaintiff's true condition to continue untreated causing loss of chance of cure and diminution of life expectancy; in failing and omitting to exercise and take proper care, precaution and caution in the conduct of the care and treatment rendered to the plaintiff so as to prevent unfavorable results; in failing to perform and/or timely perform appropriate diagnostic studies; in lulling the plaintiff into a false sense of security; in failing to timely diagnose and treat the plaintiff; in allowing, suffering and permitting the physical condition of the plaintiff to be and to remain in a deteriorated condition; in permitting inexact medical techniques to be used upon the plaintiff; in failing to conduct various diagnostic tests upon the plaintiff; in failing to conduct various diagnostic tests upon the plaintiff with the requisite skill; in failing to use the minimum equipment possible in order to timely diagnose plaintiff's progressive renal failure; failed and omitted to attach significance to the symptomatology of the plaintiff, and to treat the same accordingly; failed to refer plaintiff to specialists; failed to communicate with specialists; failed to follow up with specialists; failed and omitted to timely transfer this patient to a hospital or referral to another physician or medical facility equipped to render competent medical care to the plaintiff; failed and omitted to understand the nature of the underlying pathology of the plaintiff; failed and omitted to timely perform diagnostic studies; failed and omitted to properly interpret diagnostic studies; failed and omitted to perform appropriate diagnostic and/or radiological studies; failed to perform appropriate blood tests relating to kidney function; failed to have appropriate evaluation; failed to enter into the process of differential diagnosis; failed to perform adequate diagnostic and/or radiological studies; failed to appropriately evaluate those diagnostic and/or radiologic studies

7

preformed; failed and omitted to correlate clinical findings with diagnostic studies.

17. As a result of the negligence and/or medical malpractice of the defendants and without any negligence on the part of the plaintiff, LUISA CRUZ, contributing thereto, the plaintiff suffered great pain, agony, injury, suffering as well as mental anguish and emotional distress. That by reason of the foregoing, the plaintiff LUISA CRUZ, became sick, sore, lame, and disabled, and has suffered a decrease in life expectancy. She has suffered pain and anguish of body and mind, and was confined to bed; she has been rendered incapacitated; she has expended diverse sums of money; she will never again attend to the usual affairs of her day-to-day living and her ability to enjoy life has been impaired; has suffered end-stage renal failure; and she has suffered severe and excruciating pain, suffering, and permanent and severe personal injuries.

18. By reason of the foregoing, the plaintiff, LUISA CRUZ, was rendered sick, sore, lame, disabled, and permanently afflicted with irreversible serious complications and injuries and as a result of this negligence suffered pain, anguish of body and mind, confined to bed, rendered incapacitated, expended diverse sums of money, and suffered severe and excruciating pain, suffering and permanent and severe injury to her body.

19. The amount of damages sought herein exceed the jurisdictional limits of all lower courts, which would otherwise have jurisdiction in this matter.

20. The limitations of liability set forth in CPLR Section 1600 et sec. do not apply by reason of one or more of the exemptions thereto.

**AS FOR THE SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT**

21. Plaintiff repeats and re-alleges each and every allegation set forth above with the

8

same force and effect as though set forth herein at length.

22. Defendants, their agents, servants and employees, failed to inform plaintiff, LUISA CRUZ, of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which the defendants failed to obtain an informed consent thereto.

23. A reasonably prudent person in plaintiff's position would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

24. The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

25. By reason of the above, plaintiff, LUISA CRUZ, has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

26. By reason of the above, plaintiff, LUISA CRUZ, has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendants on the first and second cause of action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this action together with costs and disbursements of this action; or such other or greater amounts as may result from the application of Article 41 and Article 50-A and Article 50-B of the CPLR, and such other relief as a Court would find fair, just, and equitable.

Dated:    New York, New York
          April 11, 2017

Yours, etc.,

**DIEFENBACH** PLLC
Attorneys and Counselors at Law
Attorneys for Plaintiff
By: _____
      Gordon Price Diefenbach
55 Broad Street, 14th Floor
New York, NY 10004
T (212) 981-2233

10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------X    Index No.:
LUISA CRUZ

                            Plaintiff,

     -against-

                                                          **ATTORNEY**
                                                           **VERIFICATION**

MOHAMMAD M. RAHMAN, M.D., OZONE PARK
MEDICAL CARE PLLC, SIDNEY HILLMAN/PHILLIPS
FAMILY PRACTICE, and THE INSTITUTE FOR
FAMILY HEALTH,

                            Defendants.
---------------------------------------------------------------X

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

      Gordon Price Diefenbach, an attorney duly admitted to practice in the Courts of the State of New York affirms, under the penalty of perjury, as follows: (1) that he is a member of Diefenbach, PLLC, attorneys for the Plaintiff in the above-entitled action; (2) that he has read the foregoing Complaint and knows the contents thereof; (3) the same is true to deponent's own knowledge except as to the matters herein stated to be alleged on information and belief, and as to those matters deponent believes them to be true based upon correspondence and/or other writings and information furnished; and (4) that the reason why this verification is not made by Plaintiff is because Plaintiff is not in the county where the deponent maintains an office.

Dated: New York, New York
      April 11, 2017

                                              Gordon Price Diefenbach

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X    Index No.:
LUISA CRUZ,

                                  Plaintiff,

          -against-                                                                  **CERTIFICATE PURSUANT TO CPLR 3012(a)**

MOHAMMAD M. RAHMAN, M.D., OZONE PARK
MEDICAL CARE PLLC, SIDNEY HILLMAN/PHILLIPS
FAMILY PRACTICE, and THE INSTITUTE FOR
FAMILY HEALTH,,

                                  Defendants.
-------------------------------------------------------------------X

       Gordon Price Diefenbach, an attorney duly admitted to practice before the courts of State of New York, and the attorney for Plaintiff, affirms the following to be true under penalties of perjury:

       I certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in the State of New York, who I reasonably believe is knowledgeable in the relevant issues involved in this action, and that I have concluded, on the basis of such review and consultation, that there is a reasonable basis for the commencement of this action.

Dated:       New York, New York
                April 11, 2017

                                                  Yours, etc.,

                                                  **DIEFENBACH** PLLC
                                                  Attorneys and Counselors at Law
                                                  Attorneys for Plaintiff
                                                  By: _____
                                                       Gordon Price Diefenbach
                                                 55 Broad Street, 14th Floor
                                               New York, NY 10004
                                               T (212) 981-2233

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUISA CRUZ,<br><br>                              Plaintiff,<br><br>v.<br><br>MOHAMMAD M. RAHMAN, M.D.,<br>OZONE PARK MEDICAL CARE, PLLC,<br>SIDNEY HILLMAN/PHILLIPS FAMILY<br>PRACTICE, and THE INSTITUTE FOR FAMILY<br>HEALTH,<br><br>                              Defendants. | Civil Action No.<br>17-CV-_____<br><br>(_____, J.)<br>(_____, M.J.) |

**CERTIFICATION OF SCOPE OF EMPLOYMENT AND
NOTICE OF SUBSTITUTION OF UNITED STATES OF AMERICA
AS PARTY DEFENDANT FOR SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE
AND THE INSTITUTE FOR FAMILY HEALTH**

By virtue of the authority vested in this Office by the Attorney General of the United States of America under 28 C.F.R. § 15.4, it is hereby certified on the basis of the information now available with respect to the incidents alleged in the Verified Complaint, that defendants SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH (collectively "Federal Defendants") at all times relevant hereto, were federally deemed employees by operation of the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), and are eligible for coverage under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680; 42 U.S.C. § 233(c).

Additionally, by virtue of the authority vested in this Office by the Attorney General under 28 U.S.C. § 2679(d) and 28 C.F.R. § 15.4, it is hereby also certified that Federal Defendants were acting within the scope of employment as federally-deemed employees of the United States for the purposes of the Federal Tort Claims Act at the time of the incidents out of which the claims alleged

in the Verified Complaint arose. Accordingly, pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(c), the United States of America is hereby substituted by operation of law as a party defendant for Federal Defendants, and any and all claims asserted in the Verified Complaint against defendants Sidney Hillman/Phillips Family Practice and The Institute for Family Health shall be, and hereby are, deemed to be claims for relief against the United States of America.

Dated: Brooklyn, New York
      July 28, 2017

                              BRIDGET M. ROHDE
                              Acting United States Attorney
                              Eastern District of New York
                              271-A Cadman Plaza East
                              Brooklyn, New York 11201

                By: _____
                              RACHEL G. BALABAN
                              Assistant U.S. Attorney
                              (718) 254-6028
                              rachel.balaban@usdoj.gov